# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DANELLE HOOKS,**

**Plaintiff,**                                                    Case No.:

**vs.**

**FLORIDA HOSPITAL PHYSICIAN
GROUP, INC. d/b/a ADVENTHEALTH
MEDICAL GROUP,**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Danelle Hooks, hereinafter referred to as ("Plaintiff") by and through her undersigned counsel, and hereby sues the Defendant, Florida Hospital Physician Group, Inc. d/b/a AdventHealth Medical Group hereinafter referred to as ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* and 28 U.S.C. § 1331.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      Plaintiff is a resident of Hillsborough County, Florida.

4.      Defendant is a Florida corporation, licensed and authorized to conduct business in Hillsborough County, Florida.

5.      Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6.      Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

7.      At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8.      Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

9.      Plaintiff Danelle Hooks is a Certified Medical Assistant ("CMA") who was employed by Defendant, Florida Hospital Physician Group, Inc. d/b/a AdventHealth Medical Group, West Florida division, from August 29, 2022 through November 13, 2025.

2

10.    Defendant, Florida Hospital Physician Group, Inc. d/b/a AdventHealth Medical Group, operates the AdventHealth West Florida division and is a covered employer under the FMLA.

11.    At all relevant times, Lisandra Santana served as the supervisor for Defendant's clinical float team until approximately February 2025, when the company transitioned her out of that supervisory role due to her lack of clinical background.

12.    In March 2025, Defendant hired Adriana Terry, a Registered Nurse, as the clinical supervisor for the float team.

13.    During the period of supervisory transition, Plaintiff experienced a serious health condition, which affected her attendance.

14.    Plaintiff received a written disciplinary action related to attendance and tardiness, which she acknowledged as acceptable.

15.    Approximately four months later, Plaintiff received a second written disciplinary action for tardiness and leaving work early. Plaintiff disputed this second write-up. With respect to the tardiness, Plaintiff was scheduled at a clinic where the office manager was out on vacation and Plaintiff had no point of contact to log in; once she located the appropriate person and logged in, she was recorded as late. With respect to leaving early, Plaintiff was scheduled at a clinic that ended

clinic early as was customary for that location on Fridays; Plaintiff left when all other employees left for the day.

16.    On September 21, 2025, Plaintiff sent an email to Defendant's President Jennifer Snider, Vice President Matthew Mooney, HR representative Stephanie, and Human Relations representative Telina Dowdell, expressing her concern over Defendant's lack of communication during the time of her employment. The dispute over the second write-up remained active and unresolved at the time of Plaintiff's termination.

17.    On October 2, 2025, Plaintiff was approved for and placed on intermittent FMLA leave for her medical condition that constituted a serious health condition under the FMLA.

18.    In accordance with Defendant's established company practice, Plaintiff submitted her FMLA paperwork to New York Life and to Defendant's shared services department, which Defendant had designated to receive and process FMLA documentation.

19.    On October 27, 2025, Defendant eliminated Adriana Terry's supervisory position and reinstated Lisandra Santana as director, while appointing Roselina Cano as Manager.

20.    At the time of the management restructuring, Adriana Terry was fully aware of Plaintiff's approved intermittent FMLA leave. Plaintiff reasonably

4

assumed that Adriana Terry would convey this information to incoming management.

21. On November 7, 2025, Plaintiff used a previously approved day off.

22. On November 11, 2025, Plaintiff woke with an exacerbation of her serious health condition and was unable to report to work. Plaintiff notified Roselina Cano of her absence via Microsoft Teams message and advised that she would need to see her medical provider due to her condition.

23. On November 12, 2025, Plaintiff's health condition had not improved, and she needed to remain out of work. She again notified Roselina Cano via Teams message.

24. On November 13, 2025, Plaintiff informed Roselina Cano that she would be arriving late to work due to her health condition.

25. While traveling on the highway to work on November 13, 2025, Plaintiff received a telephone call from Lisandra Santana, who stated that Plaintiff had missed a significant number of days and asked her to explain the reason. Plaintiff explained the symptoms of her serious health condition, which she was treating with her medical provider, and remained in contact with Roselina Cano. Plaintiff was instructed to come directly to Lisandra Santana's office upon arrival at the clinic.

5

26. Upon arriving at the clinic on November 13, 2025, Plaintiff met with Lisandra Santana and Roselina Cano. They informed Plaintiff that she was being terminated based on her prior write-ups and her current absences.

27. Plaintiff immediately informed Lisandra Santana and Roselina Cano that she had approved intermittent FMLA leave. In response, Lisandra Santana and Roselina Cano stated that Plaintiff did not have FMLA because, if she had FMLA on file, HR would not have permitted them to terminate her.

28. Following the termination meeting, Plaintiff contacted Defendant's shared services department, which confirmed that Plaintiff's intermittent FMLA was on file.

29. HR Manager Sasha Babulal instructed Plaintiff to complete a "fair treatment review" to allow senior leadership to determine whether to uphold or overturn the termination.

30. More than one and a half months passed before Defendant responded to Plaintiff's fair treatment review. Defendant ultimately upheld the termination, claiming that Plaintiff had not followed company policy in filing her FMLA paperwork.

31. On January 13, 2026, Plaintiff sent an email to HR Manager Sasha Babulal asking specifically which company policy she had failed to follow. As of the filing of this Complaint, Plaintiff has received no response to that inquiry.

32.     Defendant's stated justification for upholding the termination is pretextual. Plaintiff submitted her FMLA paperwork to New York Life and to Defendant's shared services department in accordance with Defendant's own established practice, and Defendant's shared services department confirmed the FMLA was on file. Moreover, the individuals who made the termination decision, Lisandra Santana and Roselina Cano, were aware of Plaintiff's serious medical condition at the time of termination, as Plaintiff had personally informed Lisandra Santana of her condition during the telephone call on the morning of November 13, 2025, and had kept Roselina Cano apprised of her condition and absences via Microsoft Teams messages on November 11 and November 12, 2025. Furthermore, Plaintiff's prior supervisor, Adriana Terry, had full knowledge of Plaintiff's approved intermittent FMLA leave prior to the management restructuring on October 27, 2025, and Defendant, through its shared services department, had Plaintiff's FMLA documentation on file throughout the relevant period.

33.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment opportunities, emotional distress, and other compensatory damages.

34.     Defendant's conduct was willful, reckless, and in callous disregard of Plaintiff's rights under the FMLA.

7

## COUNT I
## <u>FAMILY AND MEDICAL LEAVE ACT - INTERFERENCE</u>
### 29 U.S.C. § 2615(a)(1)

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

36. At all times material, Plaintiff was an eligible employee under the FMLA, having worked for Defendant for more than twelve (12) months and having worked the required number of hours prior to taking leave.

37. At all times material, Defendant was a covered employer under the FMLA, employing fifty (50) or more employees.

38. Plaintiff suffered from a serious health condition, namely stress, depression, and anxiety, for which she was approved for intermittent FMLA leave on October 2, 2025.

39. Plaintiff exercised her rights under the FMLA by taking approved intermittent FMLA leave, including but not limited to absences on November 11 and November 12, 2025, and by arriving late on November 13, 2025.

40. Defendant interfered with, restrained, and denied Plaintiff's exercise of her FMLA rights by terminating Plaintiff's employment on November 13, 2025 for absences and tardiness that were covered by and attributable to her approved intermittent FMLA leave.

8

41.    The above-described acts of interference constitute a violation of the FMLA, 29 U.S.C. § 2615(a)(1), for which Defendant is liable.

42.    As a result of Defendant's unlawful interference, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Interest on front pay and benefits;

      e.    Compensatory damages, including those for emotional pain and suffering;

      f.    Liquidated damages;

      g.    Injunctive relief;

      h.    Attorney's fees and costs; and

      i.    All such other relief/damages to which Plaintiff is entitled.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT - RETALIATION**
**29 U.S.C. § 2615(a)(2)**

43.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

9

44. Plaintiff engaged in protected activity under the FMLA by requesting and taking approved intermittent FMLA leave for a serious health condition.

45. Plaintiff suffered an adverse employment action when Defendant terminated her employment on November 13, 2025.

46. The above-described acts of retaliation constitute a violation of the FMLA, 29 U.S.C. § 2615(a)(2), for which Defendant is liable.

47. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Interest on front pay and benefits;

e. Compensatory damages, including those for emotional pain and suffering;

f. Liquidated damages;

g. Injunctive relief;

h. Attorney's fees and costs; and

i. All such other relief/damages to which Plaintiff is entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Danelle Hooks respectfully requests that this Court enter judgment in her favor and against Defendant, Florida Hospital Physician Group, Inc. d/b/a AdventHealth Medical Group, as follows:

On Count I (FMLA Interference, 29 U.S.C. § 2615(a)(1)):

a. Reinstatement of Plaintiff to her former position with the same seniority status she would have had but for the interference, or front pay in lieu thereof;

b. All lost wages and benefits from the date of termination;

c. Liquidated damages as permitted by the FMLA;

d. Reasonable attorney's fees and costs;

On Count II (FMLA Retaliation, 29 U.S.C. § 2615(a)(2)):

e. Reinstatement of Plaintiff to her former position, or front pay in lieu thereof;

f. All lost wages and benefits from the date of termination;

g. Compensatory damages for emotional distress and all other harm sustained;

h. Liquidated damages as permitted by the FMLA;

i. Reasonable attorney's fees and costs;

On All Counts:

j. Pre- and post-judgment interest as permitted by law;

k. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and issues triable by jury.

**DATED** this 18th day of June 2026.

**FLORIN|GRAY**

*s/ Troy E. Longman II*
**Troy Longman II**
Florida Bar No.: 1031921
tlongman@floringray.com
debbie@floringray.com
**Wolfgang M. Florin**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
 Facsimile (727) 483-7942

*Attorneys for Plaintiff*

12